# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60449
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2023

Lyle W. Cayce
Clerk

Jaivanti Kumari; Pooja Sharma; Sahil Sharma; Simran Sharma,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A205-362-600, A205-362-602,
A205-362-603, A205-362-604

———————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Petitioners Jaivanti Kumari and Pooja Sharma,[1] natives and citizens of Pakistan, request our review of an order of the Board of Immigration Appeals

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Petitioners are a mother (Kumari), her two minor children, and her adult daughter (Sharma). The minors are derivatives on Kumari's application.

(BIA) dismissing their appeal from the Immigration Judge's denial of their application for asylum and withholding of removal.

We review for substantial evidence and will not disturb the BIA's decision unless the evidence compels a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). Petitioners fail to present such evidence. The harms alleged do not show past persecution. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). Petitioners also have not shown error in connection with the BIA's conclusions that they did not have an objectively reasonable fear of future persecution and could avoid harm by relocating within Pakistan. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2003); *Zhao v. Gonzales*, 404 F.3d 295, 308 (5th Cir. 2005). Past persecution or a likelihood of future persecution is an essential element of claims for asylum or withholding of removal. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). Petitioners fail to show that the evidence compels a conclusion contrary to the BIA's ruling on their eligibility for asylum or withholding of removal. *See Jaco,* 24 F.4th at 402; *Efe,* 293 F.3d at 906; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). We thus need not consider their remaining arguments.

The petition for review is DENIED.